FILED
John E. Triplett, Clerk of Court
United States District Court

By annduke at 12:24 pm, Jan 15, 2026

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

---

FREDDIE L. YOUNG III,

Plaintiff,

v.

MOBIS NORTH AMERICA ELECTRIFIED POWERTRAIN, LLC,

Defendant.

---

CIVIL ACTION NO. _____

(to be assigned by the Clerk)

---

# COMPLAINT

Plaintiff Freddie L. Young III ("Plaintiff"), proceeding pro se, brings this action against Defendant MOBIS North America Electrified Powertrain, LLC ("Defendant" or "MOBIS"), and alleges as follows:

---

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged herein occurred within the Southern District of Georgia, and Defendant maintains operations and employed Plaintiff at its Richmond Hill, Georgia facility.

## II. PARTIES

4. Plaintiff Freddie L. Young III is a resident of Hinesville, Georgia and was employed by Defendant during the relevant period.

5. Defendant MOBIS North America Electrified Powertrain, LLC is an employer within the meaning of Title VII and exercised control over Plaintiff's employment, including hiring, promotion, discipline, and termination decisions.

## III. RELEVANT INDIVIDUALS

(Named for Factual Context and Agency)

6. Steve Kollinger served in a senior management capacity and exercised authority over employment decisions affecting Plaintiff, including promotion eligibility and disciplinary actions.

7. Leon Rivers, Plaintiff's direct supervisor, was responsible for day-to-day oversight, performance evaluation, and enforcement of workplace rules, and played a direct role in adverse actions taken against Plaintiff.

8. Susan Smith served in Human Resources management and participated in reviewing Plaintiff's complaints, employment status, and eligibility for advancement.

9. Brandon Vaughn served in Human Resources and was involved in the processing and handling of Plaintiff's internal complaints and employment-related communications.

10. Cheyenne Dickerson, acting in a supervisory and administrative capacity, issued workplace directives and communications that contributed to Plaintiff's exclusion and adverse treatment following his protected activity.

These individuals are not named as defendants but are identified to establish Defendant's knowledge, agency, and intent.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 415-2025-00468.

12. On December 16, 2025, the EEOC issued Plaintiff a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit A.

13. Plaintiff files this action within ninety (90) days of receipt of the Notice of Right to Sue.

## V. FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant as a Quality & Compliance Operations Specialist at Defendant's Richmond Hill, Georgia facility.

15. During his employment, Plaintiff applied for an internally posted Environmental Health & Safety ("EHS") Specialist position.

16. Plaintiff submitted his application during the early morning hours of October 9, 2024.

17. By midday that same day, Defendant contacted Plaintiff, confirmed his candidacy, and scheduled a phone interview—affirmatively demonstrating that Plaintiff met the qualifications for the EHS role.

18. On October 10, 2024, one day after confirming the interview, Defendant abruptly canceled the interview, stating it could not proceed "due to [Plaintiff's] role at the company."

19. No twelve-month tenure requirement was cited at the time of cancellation, nor was any policy provided despite Plaintiff's prompt written inquiries.

20. Defendant later asserted that Plaintiff was ineligible due to an alleged twelve-month employment requirement.

21. At that time, Defendant's Richmond Hill facility had only opened in January 2024, making it impossible for any employee at that location to meet such a requirement.

22. In or around the same period, Defendant promoted other employees at the same facility who likewise lacked twelve months of service.

23. The alleged eligibility requirement was selectively invoked after Plaintiff's interview was scheduled and was not consistently enforced.

24. The EHS Specialist position paid approximately $35.00 per hour, while Plaintiff earned approximately $20.00 per hour in his existing role.

25. Defendant's actions denied Plaintiff a promotion resulting in a $15.00 per hour wage differential, equating to approximately $31,200 annually, exclusive of benefits, bonuses, and retirement contributions.

26. Following the interview cancellation, Plaintiff experienced retaliatory treatment, including exclusion from workplace protections, heightened scrutiny, and adverse enforcement of policies.

27. Plaintiff raised safety and compliance concerns in good faith and in opposition to unlawful practices, copying both management and Human Resources.

28. Defendant, through its managers and HR representatives, failed to remediate these concerns and instead subjected Plaintiff to materially adverse actions.

29. The timing and sequence of events establish a clear causal connection between Plaintiff's protected activity and Defendant's retaliatory conduct.

## VI. CLAIMS FOR RELIEF

### COUNT I

Discrimination in Violation of Title VII

(42 U.S.C. § 2000e et seq.)

30. Plaintiff incorporates paragraphs 1–29.

31. Defendant discriminated against Plaintiff by denying him advancement based on a pretextual and selectively enforced criterion.

32. Plaintiff was qualified for the EHS position and treated less favorably than similarly situated employees outside his protected class.

33. Defendant's conduct constitutes unlawful discrimination under Title VII.

### COUNT II

Retaliation in Violation of Title VII

(42 U.S.C. § 2000e-3(a))

34. Plaintiff incorporates paragraphs 1–33.

35. Plaintiff engaged in protected activity by opposing discriminatory practices and reporting safety and compliance concerns.

36. Defendant subjected Plaintiff to materially adverse employment actions that would deter a reasonable employee from engaging in protected activity.

37. A direct causal connection exists between Plaintiff's protected activity and Defendant's retaliatory actions.

## VII. DAMAGES

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered:

a. Back pay, including lost wages reflecting the $15/hour differential;

b. Front pay for loss of future earning capacity;

c. Lost benefits, including retirement contributions and employment-related benefits;

d. Compensatory damages for emotional distress and mental anguish;

e. Out-of-pocket expenses; and

f. All other damages permitted under Title VII.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Title VII;

B. Award compensatory damages;

C. Award back pay and front pay;

D. Award costs of this action; and

E. Grant such other relief as the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Freddie L. Young III*

Freddie L. Young III

Plaintiff, Pro Se

788 Wildwood Drive

Hinesville, GA 31313

📞 (904) 839-5858 / (912) 977-5220

✉ freddielyoung3@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

_____

FREDDIE L. YOUNG III,
Plaintiff,

v.                                    Civil Action No. _____
                                      (to be assigned)

MOBIS NORTH AMERICA ELECTRIFIED
POWERTRAIN, LLC,
Defendant.

_____

EXHIBIT A

EEOC NOTICE OF RIGHT TO SUE
(Charge No. 415-2025-00468)

_____

Plaintiff Freddie L. Young III hereby submits this exhibit in support of his Complaint.

Attached hereto as Exhibit A is a true and correct copy of the Equal Employment Opportunity Commission's Notice of Right to Sue, issued on December 16, 2025, in connection with EEOC Charge No. 415-2025-00468.

This exhibit demonstrates Plaintiff's exhaustion of administrative remedies under Title VII of the Civil Rights Act of 1964 and confirms that this action is timely filed within ninety (90) days of receipt of said Notice.

Respectfully submitted,

_____
Freddie L. Young III
Plaintiff, Pro Se

788 Wildwood Drive
Hinesville, GA 31313
Phone: (904) 839-5858 | (912) 977-5220
Email: freddielyoung3@gmail.com

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Savannah Local Office
7391 Hodgson Memorial Drive, Suite 200
Savannah, GA 31406
(912) 358-2810
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/16/2025

**To:** Mr. Freddie L. Young
788 Wildwood Drive
Hinesville, GA 31313
Charge No: 415-2025-00468

EEOC Representative and email:   Femalelei Fowler
Investigator
femalelei.fowler@eeoc.gov

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-00468.

On behalf of the Commission,

Digitally Signed By: Jennifer Bessick
12/16/2025
Jennifer Bessick
Director

Cc:
Kathryn Merriam
Mobis
100 Mobis Road
Richmond Hill, GA 31324

Ingu Hwang
Burr & Forman, LLP
420 20th Street North, Suite 3400
Birmingham, AL 35205

Jon Gumbel
Burr & Forman, LLP
420 20th Street North, Suite 3400
Birmingham, AL 35205

Please retain this Notice for your records.

F. Young
788 Wildwood Dr.
Hinesville, Ga 31313

Clerk of Court
U.S. District Court
Southern District of Georgia
124 Barnard St.
Savannah, Ga 31401

US POSTAGE PAID $7.20
Origin: 31313
01/12/26
1243120753-23
Retail

USPS GROUND ADVANTAGE®
0 Lb 3.80 Oz
RDC 01
C003

SHIP TO:
124 BARNARD ST
SAVANNAH GA 31401-3642

USPS TRACKING® #

