UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FREDDIE L. YOUNG III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-011 |
| | ) | |
| MOBIS NORTH | ) | |
| AMERICA ELECTRIFIED | ) | |
| POWERTRAIN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff Freddie L. Young III, filed a Complaint alleging that he was discriminated against by his employer. *See generally* doc. 1. The Court granted him leave to proceed *in forma pauperis*, screened his Complaint, and directed him to amend it. Doc. 6. He has now submitted his Amended Complaint. Doc. 7. The Court, therefore, proceeds to screen the Amended Complaint. 28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490

1

(11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Young's Amended Complaint asserts four claims: (1) Title VII discrimination, (2) Title VII retaliation, (3) "hostile work environment," and (4) "constructive discharge."  Doc. 7 at 4-5.  Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  To plead a prima facie case of discrimination, a plaintiff must allege facts showing: (1) he belongs to a protected class; (2) he was qualified to do a job; (3) he

was subjected to an adverse employment action; and (4) his employer treated similarly situated employees outside of his class more favorably. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Young alleges that he was discriminated against because of his "sex and perceived sexual orientation." Doc. 7 at 4. He also alleges that his employer "deemed" him qualified for a promotion based on his selection for an interview, *id.* at 2, and he was "denied advancement," on grounds "not applied to similarly situated employees," and then subjected to adverse working conditions and, ultimately, left his employment, *id.* at 3-4. His allegations are, therefore, sufficient for service upon Defendant.

Retaliation claims under Title VII require that (1) plaintiff was engaged in protected activity, (2) plaintiff was subjected to an adverse employment action, and (3) there exists a causal link between the protected act and the adverse employment action. *See Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002). Title VII retaliation requires that the employee was subjected to an adverse action because of opposition to "any practice made an unlawful employment practice" by Title VII. *See* 42 U.S.C. § 2000e-3(a). Young alleges that, after his promotion interview was cancelled on what he alleges were

pretextual grounds, he "raised this issue and requested clarification through emails to Human Resources." Doc. 7 at 3. As noted above, he then alleges that he was subjected to unfavorable working conditions and, ultimately, forced to leave his employment. *Id.* at 3-4. Those allegations are also sufficient for service upon Defendant.

A Title VII hostile-work-environment claim requires a plaintiff to allege "five elements: (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment; and (5) his employer was responsible for the hostile work environment." *Copeland v. Ga. Dept. of Corrs.*, 97 F.4th 766, 774-75 (11th Cir. 2024) (internal quotation marks and citations omitted). As discussed above, Young alleges, albeit implicitly, that he belongs to a protected group. His allegations concerning the remaining elements are somewhat vague, but not insufficient. He alleges that he was involved in an "incident" where he was struck by a moving forklift. Doc. 7 at 3. Defendant's response to the incident was not sufficient. *Id.* After the incident Young "experienced heightened scrutiny, denial of PTO access, and false accusations of

4

misconduct." *Id.* The Court infers from those allegations that Young contends that all of those conditions were created or permitted by Defendant because of his protected characteristics, *i.e.* his "sex and perceived sexual orientation." Despite the ambiguity in the allegations, and given that Young's discrimination and retaliation claims are due for service, the Court authorizes his hostile-work-environment claim for service as well.

Finally, Young's "constructive discharge" claim is sufficient for service. This claim is, perhaps, even more ambiguously pleaded than the hostile-work-environment claim. The Supreme Court has recognized that constructive discharge claims are distinct and have "two basic elements": (1) that the plaintiff "was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign," and (2) "that he actually resigned." *Green v. Brennan*, 578 U.S. 547, 555 (2016). As discussed above, the Court finds Young's allegations of discrimination sufficient for service. His allegations concerning the termination of his employment, however, are ambiguous. He alleges that "Defendant labeled [his] separation as 'job abandonment' despite his approved PTO and documented

communications concerning his leave," and that he was "constructively discharged." Doc. 7 at 3. He also alleges that the hostile working conditions "forced Plaintiff's resignation." *Id.* at 5. It is, therefore, not entirely clear whether Plaintiff "actually resigned" or merely acquiesced in what he contends was a mischaracterized termination. Given the liberal construction afforded to *pro se* pleadings, the Court concludes that Plaintiff has sufficiently alleged his constructive discharge claim for screening purposes.[1]

Since Young has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves his Amended Complaint for service, a summons, a copy of his Amended Complaint, doc. 7, and this Order, shall be served by the United States Marshal upon Defendant MOBIS North America Electrified Powertrain, LLC without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant

---

[1] To be clear, the Court's determination that Young's claims are sufficient for service is not a determination that it any of them is sufficient to survive a fully litigated motion under Rule 12 of the Federal Rules of Civil Procedure. Nor does the Court's determination express any opinion on the merits of the claims.

waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall

7

contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be

taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's

affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED,** this 12th day of February, 2026.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA